**Victor M. Yotz AVALOS, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**Victor Manuel Domingo Yotz Avalos, Petitioner,**

v.

**Michael B. Mukasey,\* Attorney General, Respondent.**

Nos. 02–71148, 05–72211.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2008.

Filed March 20, 2008.

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Victor M. Yotz–Avalos, Fresno, CA, pro se.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, BRUNETTI and FISHER, Circuit Judges.

### MEMORANDUM **

Victor Domingo Yotz Avalos ("Avalos"), an indigenous native and citizen of Guatemala, seeks review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") order denying his applications for asylum and withholding of removal, as well as its order denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252(a).

■ The IJ found that Avalos testified credibly, but concluded that he had not suffered past persecution or established a well-founded fear of future persecution.

Avalos testified that guerrilla forces attempted to forcibly recruit him in 1979. He received death threat letters from the guerrillas every two or three months at his mother's house from the time he opted to join the military police force in 1983 until he fled Guatemala in 1992. At one point guerrillas came looking for Avalos; when they failed to find him, they kidnapped and tortured his brother and burned their home. Although Avalos did not personally suffer any harm, the repeated threats against his life, combined with close confrontation from his persecutors and an actual attack on his brother, is sufficient to establish past persecution. *See, e.g., Khup v. Ashcroft*, 376 F.3d 898, 903–04 (9th Cir. 2004). The BIA's finding that Avalos had not suffered past persecution is therefore not supported by substantial evidence. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir.2006).

■ Because Avalos established past persecution, the burden of proof shifts to the government to rebut the presumption that he has a well-founded fear of future persecution, by showing a fundamental change in circumstances in Guatemala or that Avalos could avoid future persecution by relocating to another part of the country. *See* 8 C.F.R. §§ 208.13(b)(1)(ii) & 208.16(b)(1)(ii). The IJ did not apply the presumption of future persecution to Avalos' asylum and withholding of removal claims, and so we remand to the BIA to consider this question in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Avalos also seeks review of the BIA's order denying his motion to reopen. We dismiss this appeal as moot.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The petition for review, No. 02–71148, is **GRANTED AND REMANDED.**

The petition for review, No. 05–72211, is **DISMISSED.**